David J. Sheehan
Jason S. Oliver
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: dsheehan@bakerlaw.com
Email: joliver@bakerlaw.com

Of Counsel:
Barry E. Bretschneider (*pro hac vice*)
John P. Corrado (*pro hac vice*)
Michael E. Anderson (*pro hac vice*)
Charles C. Carson (*pro hac vice)*
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: bbretschneider@bakerlaw.com
Email: jcorrado@bakerlaw.com
Email: meanderson@bakerlaw.com
Email: ccarson@bakerlaw.com

*Attorneys for Defendant*
*TomTom, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CUOZZO SPEED TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TOMTOM, INC., and MAZDA MOTOR OF AMERICA, INC.,<br><br>Defendants. | *Document Filed Electronically*<br><br>CIVIL ACTION NO. 2:12-cv-03626-CCC-JAD |

| | |
|---|---|
| CUOZZO SPEED TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | *Document Filed Electronically*<br><br>CIVIL ACTION NO. 2:12-cv-03624-CCC-JAD |

**DEFENDANT TOMTOM INC.'S  REPLY IN SUPPORT OF MARKMAN BRIEFING REGARDING THE CLAIM TERM "INTEGRALLY ATTACHED"**

<u>**Motion Date: March 27, 2014**</u>

## **INTRODUCTION**

Cuozzo's invention, as described in its patent specification and as defined by its claims, is narrowly drawn to an independently-adjustable colored overlay (or "colored display"), whether red plastic or an LCD, that is physically attached to a speedometer and colors the entire range of speed readings above the prevailing speed limit. This integrally attached unit (*i.e.*, the attached colored overlay and speedometer) provides the driver with a constant and immediate visual warning as to the relationship of his current speed to the speed limit.

Two features of the claimed invention are of relevance to the proper construction of "integrally attached." First, as disclosed in the Cuozzo patent specification, the colored overlay and the speedometer are separate and distinct parts that are physically attached or joined together. Second, the attached parts must work together as a unit to visually delineate for the driver the range of speeds above and below the speed limit.

Defendants' proposed construction of "integrally attached" captures both of these claimed features, thereby giving meaning to the full claim term—*i.e.*, both "integrally" and "attached"—and, in doing so, follows the express claim language in a manner that is supported by the specification and the prosecution history. Moreover, Defendants' construction is corroborated by the findings of the PTAB, which reached the same conclusion after a careful evaluation of the intrinsic record, as well as a trial that involved testimony from the inventor and an expert retained by the Plaintiff.

By contrast, in Cuozzo's proposed construction, the colored display is *either* "attached" to the speedometer *or* "combined to work as a complete unit with" the speedometer, implying that a critical term in the claim – "attached" – need not obtain at all. This failure to require that the speedometer be attached to the colored display, notwithstanding the express language of the

claims, is also reflected in Cuozzo's assertion that its construction would cover a single LCD screen that serves the function of both speedometer and colored display. Cuozzo can only reach a single LCD display by improperly reading the term "attached" out of the claims.

It is apparent that Cuozzo is attempting in litigation to improperly redefine its invention in an effort to cover Defendants' accused devices. Cuozzo's construction has no support in the claim language or specification, a deficiency that Cuozzo has previously admitted during proceedings before the PTAB. In the end, the sole support for Cuozzo's opposition brief is the unsupported declaration of its expert. The Court should reject Cuozzo's proposed construction as inconsistent with the patent specification and contrary to the claims.

## I. DEFENDANTS' PROPOSAL IS THE ONLY CONSTRUCTION OF "INTEGRALLY ATTACHED" THAT IS CONSISTENT WITH THE CLAIM LANGUAGE AND SPECIFICATION

None of the arguments Cuozzo makes in its attempt to justify its construction or to attack the construction reached by Defendants and the PTAB has merit. Indeed, the bulk of the arguments Cuozzo raises in its opposition are red herrings intended to misdirect the inquiry away from construing the "integrally attached" limitation.

### A. Defendants' Construction Gives Meaning to Both "Integrally" and "Attached"

Cuozzo claims that Defendants' and the PTAB's construction only gives meaning to the term "attached" and reads the term "integrally" out of the claims. (Dkt. No. 123 at 15-16). This argument has no merit. Defendants' construction of "integrally attached" is "physically joined together as a unit without each part losing its own separate identity." Definitions of "integrate" include:

> 1. to bring together or incorporate (parts) into a whole. 2. To make up, combine, or complete to produce a whole or larger unit, as parts do."

2

*See* Ex. 1, *Random House Webster's Unabridged Dictionary* 990 (2d Ed. 2001).  Defendants' definition reflects not only that the parts are attached, but that they are attached integrally—*i.e.* form a unit.  As a unit, the parts can act cooperatively for a purpose, which, as defined later in the claims, is to continuously update the delineation of which speed readings are in violation of the limit.

Cuozzo argues that Defendants' definition of "integrally attached" would be no different than the use of the term "attached" in other portions of the claim.  Specifically, Cuozzo points to claim 15, in which there is a reference to two components of a speedometer, the axle and needle, being attached to each other.  (Dkt. No. 123 at 15-16).  Cuozzo claims the attachment discussed in claim 15 is no different than the type of attachment contemplated by Defendants' definition.  Cuozzo's argument is both irrelevant and incorrect.

First, the claims require that the speedometer and colored display be "integrally attached."  Whether a similar relationship exists between other, different claim elements, which are not described as being "integrally attached," is irrelevant.  Further, while the needle and axle of claim 15 must be attached, it is not clear that they meet Defendants' definition of "integrally attached," because they do not combine to form a whole or act as a unit by themselves—there are still other speedometer components (including, without limitation, the speedometer cable attached to the axle) that are needed to form the unit.  Even if one could argue the needle and axle form a complete unit, this still does not support Cuozzo's argument, as the elements recited in claim 15 (the needle, cable, and speedometer axle) are specifically identified in claim 15 as components of a larger whole—the speedometer.  Cuozzo's example is a red herring.

      **B.**    **Cuozzo's Claim Differentiation and Disclaimer Arguments Are Baseless Because There Is No Embodiment or Claimed Subject Matter That Is Disclaimed**

3

Cuozzo advances two additional arguments to attack Defendants' construction: claim differentiation and disclaimer. Both of these arguments are premised on Cuozzo's unsupported notion that the patent somehow discloses and claims an embodiment in which a single LCD serves as both a speedometer and a colored display.

### 1. Claim Differentiation Is Inapplicable

First, Cuozzo contends that because claim 12, which depends on claim 10, provides that the colored filter can be a liquid crystal display, and because claim 18, which also depends on claim 10, provides that the speedometer can comprise (i.e. include) a liquid crystal display, then the claims must cover a device in which one and the same LCD is at the same time both the speedometer and the colored display. (Dkt. No. 123 at 18-19). This is bad logic and has no support in the record. First, there is no claim in which the speedometer and the colored filter are both an LCD. For example, claim 18 does not depend on claim 12. More importantly, even if both the LCD and speedometer were LCDs, there is nothing in the claims or specification that requires or even suggests that they are part of the *same* LCD.

In fact, the PTAB rejected a similar argument during the IPR, noting that Cuozzo itself admitted this fact during oral argument:

> During oral argument, counsel for Cuozzo acknowledged that even if the features added by dependent claims 12 and 18 are considered together, the combination does not require use of one liquid crystal display to show both speed readings themselves and a delineation of whether the current speed exceeds an applicable speed limit for the current location of the vehicle. Ex. 3005, 78:6-9.

(Dkt. No. 118-5, Final Written Decision at 6). Cuozzo's expert, Professor Morris, also admitted this same fact during cross examination:

> **Q But the claims never specifically recite that the speedometer and the colored display are implemented on the same LCD; right?**

4

> A  I never saw that specific thing said, that they should be, said they should be integrated. The amendment said that they were integrally attached or the important feature was that they were integrated in the same place, but I never saw the specific words put all these on the same LCD display.

(*Id.* at 15 (emphasis in original, objection omitted)).

The doctrine of claim differentiation is therefore irrelevant.  As the PTAB noted:

> The doctrine of claim differentiation does not stand for the proposition that if a dependent claim does not add a certain limitation by further recitation, then the independent claim on which it depends is presumed to be without that limitation. . . . The doctrine of claim differentiation cannot broaden claims beyond their correct scope, determined in light of the specification and the prosecution history and any relevant extrinsic evidence.

(*Id*. at 19, citing *Multiform Desiccants, Inc. v. Medzam, Ltd*., 133 F.3d 1473, 1480 (Fed. Cir. 1998)).

Cuozzo now argues that because "a" can mean "one or more," "a" LCD could be two or more separate LCDs.  But this argument has no more merit than the claim differentiation argument that was rejected by the PTAB.  Whether there can be one LCD for the speedometer and a separate LCD for the colored filter does not mean that these two separately claimed elements can in fact be one and the same LCD screen.  To the contrary, that the speedometer and colored filter are separately recited claim elements, which are described as being integrally attached, and which claim 1 further requires be *adjusted independently*, indicates that the speedometer and colored filter cannot be combined in such a way that they lose their separate identities.

Finally, Cuozzo's argument ignores the actual claim language.  Claim 18 says that the speedometer "comprises" a liquid crystal display, as opposed to claim 12 that says that the colored display "is" a liquid crystal display.  "Comprises" means "includes."  "Is" means "is limited to." As noted elsewhere, the claims require the speedometer and colored display to be

5

"integrally attached." Thus, the best reading of the claims is that in claim 18, the speedometer could include a colored display in the form of an LCD, not be an LCD.[1]  These claims thus do not lend themselves to claim differentiation at all – in both cases, there is a speedometer with colored display that shows the speed limit, and the colored display may be an LCD.

### 2. Defendants Do Not Rely On a Disclaimer Argument

Cuozzo's "disclaimer" argument is a straw man.  Defendants have not argued in support of their construction of "integrally attached" that Cuozzo disavowed claimed subject matter or embodiments described in the specification.  Rather, Defendants have demonstrated that the claims on their face do not cover an embodiment in which a single LCD screen serves as both the speedometer and colored display.  Moreover, Defendants have demonstrated that such an embodiment is not even described in the patent.  One cannot disclaim subject matter that is never described or claimed in the first place.

While the specification mentions in passing that the colored filter may be an LCD (Col. 6, ll. 11-14), it does not describe how such an embodiment could be made or would work, nor does it ever state that the colored filter and speedometer could be the same LCD.  Cuozzo attempts to find support in the description of Fig. 1, which indicates the speedometer "has… a colored display made of a red plastic filter." (Dkt. No. 123 at 19).  However, the description of Fig. 1 is entirely consistent with Defendants' and the PTAB's construction.  The colored filter and speedometer work together as a unit, but are still separately identifiable pieces, as shown in FIGS 3 and 4 of the '074 patent.  The red plastic filter that is the colored display is attached to, but separately identifiable from, the remainder of the speedometer parts (the needle and backplate with speed markings), which still function as a speedometer even without the colored

---

[1] The same distinction exists between dependent claims 2 ("colored display is a liquid crystal display") and 6 ("speedometer comprises a liquid crystal display").

display. Col. 5, ll. 40-60. Indeed, the specification states that the colored filter described in the specification rotates as necessary to shade different portions of the speedometer. Col. 5, ll. 35-39.

The PTAB rejected Cuozzo's argument for the same reason:

> Speedometer 12 is a speedometer with or without red plastic filter 18. It is speedometer 12 without the red plastic filter 18 that is "integrally attached" to the colored display that is the red plastic filter 18. Cuozzo does not contend, and reasonably cannot contend, that speedometer 12 is not a speedometer unless colored display 18 is a component of the speedometer.

(Dkt. No. 118-5 at 12).

The '074 patent's failure to disclose an embodiment in which a single LCD screen can serve as both the speedometer and colored display is further corroborated by the PTAB's decision denying Cuozzo's request to amend its claims to cover such an embodiment. As addressed in Defendants' opening brief, the PTAB found that such a display was not described in the '074 patent and, therefore, could not be added to the patent through a claim amendment. (*See id.* at 47-49).

### C. Cuozzo's Construction Fails To Require And Give Meaning To Both "Integrally" And "Attached"

Defendants' opening brief explained in detail why Cuozzo's construction of "integrally attached," which is stated in the alternative ("attached or combined to work as a complete unit" (emphasis added)), reads out either the term "attached" or the term "integrated" by making either one optional. In other words, under Cuozzo's construction, it is sufficient to be either attached *or* combined to work as a complete unit, that is, "integrated." However, Defendants urge here and as the PTAB observed, a proper construction of integrally attached must give meaning to both words in integrally attached, not just one or the other. (Dkt. No. 118-5 at 10 and 13).

7

Cuozzo's response fails to address this fundamental deficiency in its proposed construction. Cuozzo's only response is to argue that "sharing" a part can be a form of attachment. As alleged support for this argument, Cuozzo relies on the PTAB's statement that its construction does not foreclose the possibility that the two devices that are integrally attached may share a part. Cuozzo ignores, however, the full context of the PTAB's statement:

> For a speedometer to be "integrally attached" to a colored display, there must be a speedometer and a colored display that are separately identifiable from each other, or else "attached" effectively would be read out of the claim. Adding the modifier "integrally" does not negate or nullify "attached." That does not mean the speedometer and the colored display may not share any part. <u>But it does mean that the sharing may not be so substantial, e.g., the entirety of the colored display is subsumed within the speedometer, that the speedometer and the colored display lose their separate identities. It would be illogical to regard one unit as being "attached" to itself</u>.

(*Id.* at 9 (emphasis added)). In fact, Cuozzo's own expert even agreed that the term "attached" would not normally be used to describe a single fully integrated device. (*See infra* at 10).

Thus, Cuozzo's own expert admits that Cuozzo's proposed construction, which Cuozzo argues would read on a single LCD screen that serves as both a speedometer and colored display, would read the term "attached" out of the claim altogether. Because Cuozzo's construction does not give full meaning to the entirety of the claim phrase "integrally attached," it is improper and should be rejected by the Court.

## II. THE PROSECUTION HISTORY DOES NOT SUPPORT CUOZZO'S CONSTRUCTION

Cuozzo asserts that the arguments made during prosecution indicate that the claimed invention should be a single screen. This is not an accurate reading of the prosecution history. In distinguishing Awada, Cuozzo stated:

> The cited Awada (6,515,596) lacks a speedometer integrally attached to the speed limit display (column 2, lines 40-42 and Figs. 1 and 4-6). The vehicle's driver is forced to look in two separate locations and then mentally compare the speed

8

> limit with his vehicle's speed to determine how close he is to speeding if he is not already doing so sufficiently to activate the light and/or tone. . . . In contrast, the present invention provides an integrated display allowing the driver to ascertain both his speed and its relation to the prevailing speed limit.

(Dkt. No. 118-3, Amendment at 6).[2]  Cuozzo's reference here to an "integrated display" does not mean "a single screen" as Cuozzo contends, because (1) Cuozzo amended the claim language to recite that the speedometer and the speed display are "integrally *attached*," not simply "integrated," and (2) Cuozzo explained that support for the "integrally attached" amendment was found in Figs 1, 3, and 4 of the '074 patent, and their corresponding descriptions in the specification.  As noted above, the colored filter and the speedometer in these descriptions in the specification are separate but physically attached entities.  (See Col 5, ll. 18-60, Fig. 2, 3, and 4).

### III. CUOZZO'S SOLE SUPPORT FOR ITS CONSTRUCTION IS VAGUE, IMPROPERLY DISCLOSED, AND CONTRADICTORY EXTRINSIC EVIDENCE

Given the absence of any intrinsic support for its construction, Cuozzo relies instead upon extrinsic evidence, including the testimony of its own expert and claim constructions from other cases.  The Federal Circuit has repeatedly emphasized that extrinsic evidence should be afforded significantly less weight than the intrinsic record when construing claims.  Further, the extrinsic evidence Cuozzo relies on is unpersuasive because it is vague, irrelevant, and contradictory.[3]

---

[2]  As reflected here, Cuozzo distinguished Awada on two separate grounds.  First, Cuozzo argued that because the speedometer and speed limit display of Awada are not integrally attached, the speed and speed limit information are presented in two different locations, rather than one.  Second, Cuozzo argued that Awada fails to provide a visual warning until the vehicle is already exceeding the speed limit by a threshold, thus requiring the driver to perform a mental comparison of speed and speed limit values.  This second and separate distinction of Awada is embodied in the "delineate which…" term that is the subject of Defendants' other Markman brief and summary judgment motion.

[3] The opinion testimony of Mr. Morris and the cases relied upon by Cuozzo were not disclosed in Plaintiff's Joint Claim Construction Statement or in its Pat.L.R. 4-2 and 4-3 disclosures.  Moreover, Plaintiff selectively quotes from a transcript of Mr. Morris' testimony that has not

9

As noted *supra* at 4-5, Cuozzo's expert, Mr. Morris, has conceded that the claims do not recite the same LCD serving as both a speedometer and a colored display. Instead, Mr. Morris argues that the fact that either the speedometer or colored filter could be an LCD, "implies that there is an electronic embodiment to one skilled in the art at the time of the invention," and that it would allegedly be natural for one of ordinary skill in the art at the time of the invention to combine the speedometer readout with the speed limit information on the LCD. (Dkt. No. 123-7 at ¶¶ 28-29).

The PTAB had the opportunity to review Mr. Morris' full testimony on this issue, and found it to be vague and unpersuasive. The PTAB noted that:

> What would have been obvious to one with ordinary skill in the art does not establish what actually is described in the specification. *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997). In any event, even assuming that such an embodiment is deemed to have been disclosed, the specification explains inadequately why such an embodiment would be covered by the claim language at issue, i.e., "integrally attached" as applied to the speedometer and a colored display.

(Dkt. No. 118-5 at 14). Even if an embodiment were inherently disclosed in the specification, that would prove nothing, because it is well established that the claims need not cover every embodiment in the specification. *Golight, Inc. v. WalMart Stores, Inc.*, 355 F.3d 1327, 1331 (Fed. Cir. 2004).

Moreover, the PTAB found that Mr. Morris' testimony on cross examination actually supported the PTAB (and Defendants') construction, not Cuozzo's:

> Consistent with the Board's claim construction, Prof. Morris states that it would be "uncommon" to refer to two things displayed on a common display as attached. Ex. 1021, 18:69:2-6. Prof. Morris additionally states that he would not use the term "attached" to refer to the relationship between two items that are graphically displayed on the same display. Ex. 1021, 18:70:23-18:71:2.

---

been produced to Defendants. Accordingly, all expert testimony from Mr. Morris and the cases relied on by Cuozzo in its Markman briefing should be stricken.

10

603037834.2

(Dkt. No. 118-5 at 15).

Similarly, Cuozzo's reliance on claim constructions from other cases involving different patents with entirely different specifications is entirely irrelevant. As the PTAB observed:

> The terms are different… The involved patents all have different disclosures. The field of invention and the level of ordinary skill in the art have not been shown to be the same for all cases…. Each case must be decided on its own facts…. Also, Cuozzo presents the terms at issue out of context, without the preceding or succeeding text in the involved claim or claims. There is not an adequate basis to make a comparison.

(*Id.* at 17); *see also Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1318 (Fed. Cir. 2005) ("A particular term used in one patent need not have the same meaning when used in an entirely separate patent, particularly one involving different technology.").

## IV.    CUOZZO'S CONSTRUCTION OF "SPEEDOMETER" IS WITHOUT MERIT

Cuozzo's assertion that the construction of "integrally attached" depends upon the construction of "speedometer" and "colored display" is incorrect. The Court need not construe those other terms in reaching the proper construction of "integrally attached."[4] Not only is Cuozzo's proposed construction of "speedometer" unsupported by the intrinsic record, it also has no bearing on summary judgment, as fully addressed in Defendants' accompanying summary judgment reply brief.[5]

According to the *American Heritage Dictionary of the English Language* 1671 (4th Ed.

---

[4] Cuozzo criticizes the PTAB's decision because it did not construe "speedometer" and contends that the PTAB erroneously concluded that Awada disclosed a speedometer display. This argument is baseless. The fact that Awada discloses a "speedometer interface" [264 in figure 2(d) and col. 4, line 5] indicates the existence of a "speedometer display."

[5] Cuozzo's proposed construction of "colored display" is also without merit. Cuozzo's construction of "colored display" requires that the display present "information," but this would exclude the plastic filter embodiment which is the subject of claims 3, 14, and 17. The plastic filter itself does not provide any information—it is simply a translucent piece of plastic.

11

2000), the ordinary meaning of a "speedometer" is "an instrument for *indicating* speed."[6] (*See* Ex. 2). That ordinary meaning does not require that a speedometer also include a component for *measuring* speed. But Cuozzo argues that "speedometer" must be construed to also include a component for *measuring* speed in order to support its infringement position. Cuozzo tortuously argues that because there is a speedometer cable recited in claim 4 of the patent and because the speedometer cable must be attached to another component that measures speed, the speedometer itself must be construed to include that component for measuring speed. But there is nothing in the claims, their ordinary meaning, the '074 patent specification, or prosecution history that requires a measurement component to be part of the speedometer itself. Consistent with the ordinary understanding of the term, the claimed speedometer is simply "a device that indicates vehicle speed with speed denoting markings."[7] In fact, the specification indicates otherwise: that the GPS—an entirely different component—measures speed: "The global positioning system receiver 42 tracks the vehicle's location and speed…" '074 Patent Col. 5:27-29.

---

[6] *See also* Ex. 3, McGraw Hill Dictionary of Scientific and Technical Terms (6th Ed. 2003) at 1993 ("an instrument that indicates the speed of travel of a vehicle in miles per hour, kilometers per hour, or knots"); Ex. 1, Random House Webster's Unabridged Dictionary (2d Ed. 2001) at 1834 ("an instrument on an automobile or other vehicle for indicating the rate of travel in miles or kilometers per hour").

[7] *See also* Defendants' prior Markman briefing on "speedometer." (Dkt No. 60 at 24-25).

Dated: February 17, 2014

  */s/ Jason S. Oliver*
David J. Sheehan
Jason S. Oliver
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: dsheehan@bakerlaw.com
Email: joliver@bakerlaw.com

Of Counsel:
Barry E. Bretschneider (pro hac vice)
John P. Corrado (pro hac vice)
Michael E. Anderson (pro hac vice)
Charles C. Carson (pro hac vice)
**BAKER HOSTETLER LLP**
1050 Connecticut Ave NW, Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: bbretschneider@bakerlaw.com
Email: jcorrado@bakerlaw.com
Email: meanderson@bakerlaw.com

*Attorneys for Defendant
TomTom, Inc.*

13

603037834.2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 17, 2014 a true and correct copy of the foregoing was transmitted electronically to the Electronic Filing System of the United States District Court for the District of New Jersey, which is believed to have sent notice of such filing, constituting service of the filed document, on all Filing Users, all of whom are believed to have consented to electronic service.

Executed on February 17, 2014, at Newark, New Jersey.

Jason S. Oliver
Jason S. Oliver
